IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TOMO SHIBATA and YAYOI
SHIBATA,

        Plaintiffs,        Civil Action No.
                                      3:16-CV-1349 (BKS/DEP)

      v.

ROGER A. SWINGLE and RAS
ENTERPRISES,

        Defendants.

_____

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFFS:

TOMO SHIBATA, *Pro Se*
YAYOI SHIBATA, *Pro Se*
117 E 8th Street
#3
Alturas, CA 96101

FOR DEFENDANTS:

Pope, Schrader Law Firm            ALAN J. POPE. ESQ.
2 Court Street, 4th Floor
P.O. Box 510
Binghamton, NY 13902


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a diversity action brought by *pro se* plaintiffs Tomo and Yayoi Shibata against defendants Roger A. Swingle and RAS Enterprises. Generally speaking, in their amended complaint plaintiffs, who now reside in California, assert common law breach of contract claims against defendants RAS Enterprises and Roger Swingle, two parties located in New York. The events leading up to this lawsuit arise out of a proposed residential construction project for real property owned by plaintiffs and located in New York.

Currently pending before the court is a motion brought by the defendants seeking dismissal of plaintiffs' complaint based upon plaintiff Tomo Shibata's failure to comply with a court order requiring her to appear for deposition in Binghamton, New York.[1] For the reasons set forth below, I recommend that defendants' motion be granted.

---

[1] Although defendants' motion is styled as a motion for summary judgment, the court construes it as seeking dismissal of plaintiffs' complaint pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

I.  BACKGROUND

Plaintiffs, who no longer reside in New York State, commenced this action against defendants, both of whom are based in New York, on November 14, 2016. Dkt. No. 1. At issue is an agreement between the parties concerning work to have been performed for plaintiffs by defendants on real property owned by plaintiffs and located in Danby, New York.[2] *See generally* Dkt. No. 40. At the relevant times, plaintiff Tomo Shibata resided in Ithaca, New York. *Id.* at 2.

On August 29, 2017, I conducted a telephonic Rule 16 conference in the action. Text Minute Entry dated Aug. 29, 2017. During that conference, I informed plaintiffs that, in all likelihood, her deposition would have to be conducted within this district.

By letter dated January 23, 2018, defendants' counsel advised the court that a discovery dispute had arisen between the parties involving the location of plaintiff Tomo Shibata's deposition. Dkt. No. 42. Specifically, defendants' counsel advised that, after attempting to confer with plaintiff Tomo Shibata regarding deposition dates, he sent a formal letter, dated

---

[2]  The subject property was purchased by plaintiffs shortly prior to October 2013. Dkt. No. 1 at 2. According to plaintiffs' complaint, the property was being prepared to house a modular home, described as "a factory built house already purchased separately." *Id.*

3

January 17, 2018, scheduling her deposition for February 5, 2018, in the Northern District of New York. *Id.* at 1. In response, plaintiff Tomo Shibata advised defendants' counsel that she would only submit to a telephonic deposition, and that she would not travel to this district. *Id.*

A telephone conference was conducted by the court on January 29, 2018, to address the dispute. Text Minute Entry Dated Jan. 29, 2018. During that conference, plaintiff Tomo Shibata professed her financial inability to return to New York to attend her deposition. *Id.* To permit the court to validate her claim of economic hardship, plaintiff Tomo Shibata was directed to submit reliable information substantiating her claim that she was financially unable to defray the expense associated with being deposed in New York, to include information regarding any assets, such as real estate, held by plaintiffs. Dkt. No. 46. On February 16, 2018, plaintiff Tomo Shibata filed limited financial information. Dkt. Nos. 47-48. Defendants responded on February 23, 2018. Dkt. No. 49.

Based upon plaintiffs' submissions, I issued a decision and order on February 26, 2018, directing that plaintiff Tomo Shibata appear for deposition within the Northern District of New York at a time and location, to be agreed upon between her and defendants' counsel, not later than March 31, 2018. Dkt. No. 50. Plaintiffs were specifically warned that, "[i]n

the event Ms. Shibata does not comply with this order, I will recommend that plaintiffs' complaint in this action be dismissed[.]" *Id.* at 10.

Following the issuance of my order, defendants' counsel sent an e-mail to plaintiff Tomo Shibata on February 28, 2018, offering seven dates between March 10 and 30, 2018, for her deposition. Dkt. No. 54-1 at 2, 12. That was followed by a second e-mail from defendants' counsel to plaintiff Tomo Shibata, dated March 5, 2018, stating, "I have not had a response to my email of February 28. Please respond today." *Id.* at 2, 14. A third e-mail was sent by defendants' counsel to plaintiff Tomo Shibata on March 11, 2018, advising that only two dates remained available to conduct her deposition before the March 31 deadline, and stating, "If you do not intend on coming to New York for your deposition as ordered, just let me know and I will send you a Stipulation of Discontinuance of the present action." *Id.* at 2, 16. On March 12, 2018, not having heard from plaintiff Tomo Shibata, defendants' counsel sent her, by e-mail and United States Mail, a notice scheduling her deposition for March 30, 2018, at 10:30 a.m. in Binghamton, New York.[3] *Id.* at 1, 5-6. Plaintiff Tomo Shibata failed to appear for that noticed deposition. *Id.* at 2.

---

[3] Plaintiff acknowledges that she did not respond to defendants' counsel's e-mails. Dkt. No. 58 at 3.

5

Among plaintiffs' efforts to avoid being deposed in the action was the filing of a motion to stay the case, filed on April 2, 2018 – after the deadline for the defendant Tomo Shibata to appear under the court's earlier order. Dkt. No. 52. That motion was denied by the court on April 18, 2018. Dkt. No. 57.

II.     DISCUSSION

The failure of a party to appear for a properly noticed deposition implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Among those available sanctions is dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes

the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

The most severe of the sanctions permitted by Rule 37 for a disobedient party are dismissal and entry of default, and such sanctions should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (internal quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

The *SNET* factors in this case all weigh in favor of dismissal. Plaintiffs have repeatedly been advised by the court that their presence for

deposition would be required in this case. Plaintiffs' response has been – and continues to be – that this action should be transferred to California and consolidated with one or more other actions pending in that forum not involving the defendants in this case and unrelated to the claims raised in this action. Dkt. No. 58 at 1-2. According to the plaintiff Tomo Shibata, if a transfer and consolidation were to occur there would no longer be a need for a deposition in this action. *Id.*

In addition to Rule 37, defendants' motion implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 216-17 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

I have carefully evaluated those five factors that inform a decision as to whether to dismiss plaintiff's complaint for failure to prosecute under Rule 41(b) and conclude that they weigh in favor of dismissal. This case has been pending for over one and a half years, and it is entirely likely that memories of the events in question have begun to fade, relevant documents may have been discarded, and potential witnesses could

plausibly have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Plaintiffs were adequately warned of the consequences of plaintiff Tomo Shibata's failure to appear for a deposition by the court as ordered. Given plaintiffs' willful and unexcused failure to comply with the court's order directing plaintiff Tomo Shibata to appear for deposition, I find that the need to alleviate congestion on the court's docket outweighs her right to receive a further chance to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff Tomo Shibata for her conduct would be futile in light of her history of non-compliance with court directives and defendants' legitimate discovery requests. Given plaintiff Tomo Shibata's conduct, it appears that the ultimate sanction of dismissal is warranted.

As a final matter, Rule 37 of the Federal Rules of Civil Procedure also includes a fee-shifting provision for failing to comply with a court order. In pertinent part, that rule provides as follows:

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including Attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). In their motion papers, defendants do not state whether they are seeking recovery of costs and attorney's fees against plaintiffs. I therefore recommend that their motion be granted without the prejudice to their right to make an application to the court for recovery of costs and attorney's fees incurred in connection with their efforts to secure a deposition of plaintiff Tomo Shibata in this action.

III. SUMMARY AND RECOMMENDATION

Plaintiff Tomo Shibata has been ordered by the court in this action to appear for deposition on behalf of plaintiffs, but she has refused. The court has warned plaintiffs on more than one occasion that their failure to appear for deposition would result in dismissal of their claims in this action. Plaintiff Tomo Shibata was specifically ordered by the court to appear for deposition on or before March 31, 2018, and was again expressly advised that her failure to comply with that order would result in my recommendation that plaintiffs' complaint in this action be dismissed.

Based upon the foregoing and plaintiff Tomo Shibata's failure to comply with the court's discovery order, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss plaintiffs' complaint (Dkt. No. 54) be GRANTED, without prejudice to defendants' right to seek costs and attorney's fees incurred in connection with all efforts to secure plaintiff's deposition in this matter, and that, once this report and recommendation is acted upon, the stay of the deadline for opposing plaintiffs' motion to dismiss defendants' counterclaims be lifted and reset by the court.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[4] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

DATED:   May 9, 2018
         Syracuse, New York

*[signature]*

David E. Peebles
U.S. Magistrate Judge