**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

TOMO SHIBATA AND YAYOI SHIBATA,

                        Plaintiffs,              3:16-cv-01349 (BKS/DEP)

v.

ROGER A. SWINGLE AND RAS ENTERPRISES,

                        Defendants.

**APPEARANCES:**

*Plaintiffs pro se*:
Tomo Shibata
Yayoi Shibata
Alturas, CA 96101

*For Defendants*:
Alan J. Pope
Pope, Schrader & Pope, LLP
2 Court Street, 4th Floor
P.O. Box 510
Binghamton, NY 13902

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff pro se Tomo Shibata brought this diversity action against Defendants Roger A. Swingle and RAS Enterprises asserting various claims arising out of a contract and proposed residential construction project located in Danby, New York. (Dkt. No. 40). Currently before the Court are United States Magistrate Judge David E. Peebles' May 9, 2018 Report and Recommendation, (Dkt. No. 61), and Plaintiff Tomo Shibata's objections thereto, (Dkt. No. 64).

For the following reasons, the Report and Recommendation is adopted in its entirety and the Amended Complaint, (Dkt. No. 40), is dismissed.

## II. BACKGROUND

### A. Procedural History

Plaintiffs initiated this action on November 14, 2016, (Dkt. No. 1), and filed an Amended Complaint on December 19, 2017, (Dkt. No. 40). On August 30, 2017, Magistrate Judge Peebles issued a pretrial scheduling order setting a discovery deadline of March 31, 2018. (Dkt. No. 25). Following Defendants' repeated unsuccessful attempts to schedule Plaintiff's deposition, (Dkt. No. 42), Plaintiff asserted that she was financially unable to travel from her home in California to New York and requested that her deposition be taken remotely by telephone or video conference, (January 29, 2018 Text Minute Entry). After considering Plaintiff's additional financial disclosures, (Dkt. Nos. 47–48), on February 26, 2018, Magistrate Judge Peebles concluded, *inter alia*, that Plaintiff had not demonstrated financial hardship sufficient to outweigh Defendants' interest in taking her deposition in person; accordingly, he ordered Plaintiff to submit to deposition in the Northern District of New York on a date "not later than March 31, 2018," (Dkt. No. 50). Further, Magistrate Judge Peebles warned that, if Plaintiff failed to attend her deposition in New York before the close of discovery, he would recommend that the Amended Complaint be dismissed. (*Id.*). Plaintiff subsequently appealed that order, (Dkt. No. 69), which this Court affirmed on July 25, 2018, (Dkt. No. 73).

On March 12, 2018, Defendants issued a formal Notice of Deposition scheduling Plaintiff's deposition in New York on March 30, 2018. (Dkt. No. 54-1, at 6). Plaintiff failed to appear. (Dkt. No. 54-1, at 2).

On April 16, 2018, Defendants filed a "motion for summary judgment to dismiss" the Amended Complaint on the ground that Plaintiff failed to appear for deposition (Dkt. No. 54),

which the Court referred to Magistrate Judge Peebles for a Report and Recommendation. (Dkt. No. 55). On May 9, 2018, Magistrate Judge Peebles recommended that the Court grant Plaintiff's motion to dismiss[1] the Amended Complaint, (Dkt. No. 61), and Plaintiff filed her objections on May 23, 2018, (Dkt. No. 64).

## B. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* Finally, a district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. DISCUSSION

To the extent the Court is able to discern, Plaintiff first objects to the Report and Recommendation on the grounds that Magistrate Judge Peebles erred in concluding that Plaintiff willfully failed to appear for her scheduled and noticed deposition on March 30, 2018 in

---

[1] As Magistrate Judge Peebles found, Defendants' motion, styled as one for "summary judgment to dismiss" as a result of Plaintiff's failure to comply with the Court's February 26, 2018 order (Dkt. No. 54, at 1), implicated Rule 37(b)(2) or Rule 41(b). Fed. R. Civ. P. 37(b)(2), 41(b); *see* Dkt. No. 61 at 6–11.

3

Binghamton, New York, because Defendants' counsel had in fact cancelled the deposition. (Dkt. No. 64, at 3–4). The Report and Recommendation accurately recites what the record reflects: (i) after Magistrate Judge Peebles ordered that Plaintiff was required to appear in New York before the close of discovery on March 30, 2018, Defendants' counsel offered by email seven potential dates to take Plaintiff's deposition; (ii) Plaintiff never responded in any manner; (iii) Defendants' counsel formally notified Plaintiff that her deposition was scheduled for March 30, 2018, the date of the court-imposed deadline; (iv) Plaintiff did not respond or appear for her deposition on the scheduled date. (Dkt. No. 61, at 5). Plaintiff acknowledges as much, but argues that Defendants' counsel cancelled her deposition in his March 23, 2018 email that stated: "You have not committed to come to New York for your deposition. If some reason you have changed your mind and are coming to Binghamton for your deposition, I need to know immediately in order to line up a court reporter." (Dkt. No. 64-2, at 1). The email, however, indicates that Defendants' counsel was merely exercising diligence by attempting to avoid the unnecessary expense of hiring a court reporter for a deposition if Plaintiff had no intention of appearing.[2] It does not suggest that Defendants' counsel was cancelling the scheduled deposition. Accordingly, Plaintiff's objection is without merit.[3]

Plaintiff also objects to the Report and Recommendation on the basis that two of the cases cited to therein are based on "radically different premises, and thus cannot warrant the degree of severity of the recommended sanction in the instant case, unless the recommended dismissal is without prejudice." (Dkt. No. 64, at 20–21). The Report and Recommendation,

---

[2] The record indicates that Defendants' counsel did, ultimately, schedule a court reporter for the scheduled deposition. (Dkt. No. 54-1, ¶ 8).

[3] Plaintiff alleges that Defendants' counsel's email "was a set up to frame Plaintiff TS for the failure to attend the noticed deposition" and that his representations to the Court amount to perjury. (Dkt. No. 64, at 4). As described above, Plaintiff's characterization of Defendants' counsel's conduct and her accusations of perjury have no foundation in the record.

4

however, cites to these cases[4] for the limited proposition that Federal Rule of Civil Procedure 37 provides a range of options for sanctions where a plaintiff fails to appear for a deposition after being served with a proper notice. (Dkt. No. 61, at 6). Accordingly, despite whatever factual distinctions may be drawn between those cases and the facts presently before the Court, the cases provide the principles applicable here.

Finally, Plaintiff objects on the basis that, in recommending dismissal, Magistrate Judge Peebles failed to consider lesser alternative sanctions to dismissal. (Dkt. No. 64, at 21 (citing *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010))). The Report and Recommendation indicates that Magistrate Judge Peebles carefully considered all of the relevant Rule 37 and 41(b) factors, and concluded that dismissal was appropriate. (Dkt. No. 61, at 6–10). Furthermore, in the Report and Recommendation, Magistrate Judge Peebles expressly "considered less-drastic sanctions," such as further reprimand, but rejected them due to the fact that Plaintiff's "history of non-compliance with court directives and defendants' legitimate discovery requests" indicates that anything less than dismissal "would be futile." (Dkt. No. 61, at 10). There was no error.[5]

In sum, the Court agrees with the Report and Recommendation and concludes that dismissal without prejudice under Rules 37 and 41(b) of the Federal Rules of Civil Procedure is appropriate in light of: (i) Plaintiff's willful noncompliance; (ii) Magistrate Judge Peebles' repeated warnings that noncompliance would result in dismissal; (iii) the fact that any lesser

---

[4] The case citations to which Plaintiff objects are *S.E.C. v. Razmilovic*, 738 F.3d 14 (2d Cir. 2013) and *Dixon v. Albany County Board of Elections*, No. 08-cv-502, 2010 WL 1171225, 2010 U.S. Dist. LEXIS 27397 (N.D.N.Y. Feb. 18, 2010), *adopted by* 2010 WL 1171483, 2010 U.S. Dist. LEXIS 36546 (N.D.N.Y. Mar. 22, 2010).

[5] Plaintiff's remaining objections do not identify specific portions of the Report and Recommendation she asserts are erroneous, but are merely restatements of the arguments included in her appeal of the February 26, 2018 order requiring her to appear for her deposition in New York. (Dkt. No. 64, at 1–14). As such, they are not proper objections. *See Kruger*, 976 F. Supp. 2d at 296. In any event, the Court considered and rejected those arguments in its July 25, 2018 Order denying her appeal. (Dkt. No. 73).

sanction would be futile; (iv) the prejudice to Defendants that further delay would cause; and (v) the Court's interest in promoting judicial economy and managing its docket.[6]

IV.     **CONCLUSION**

For these reasons it is

**ORDERED** that the Report and Recommendation (Dkt. No. 61) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 40) is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2018
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[6] Defendants' motion did not initially indicate whether they intended to seek recovery of costs and attorneys' fees against Plaintiff, but Defendants have since moved for such costs and fees. (Dkt. No. 63). That motion remains pending.