IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TOMO SHIBATA and YAYOI SHIBATA,

        Plaintiffs,          Civil Action No.
                                             3:16-CV-1349 (BKS/DEP)

        v.

ROGER A. SWINGLE and RAS ENTERPRISES,

        Defendants.

---

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFFS:

TOMO SHIBATA, *Pro Se*
YAYOI SHIBATA, *Pro Se*
117 E 8th Street
#3
Alturas, CA 96101

FOR DEFENDANTS:

POPE, SCHRADER LAW FIRM          ALAN J. POPE. ESQ.
2 Court Street, 4th Floor
P.O. Box 510
Binghamton, NY 13902


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

This is a diversity action brought by *pro se* plaintiffs Tomo and Yayoi Shibata, who now reside in California, against defendants Roger A. Swingle and RAS Enterprises, two New York residents. Generally speaking, in their amended complaint plaintiffs assert common law breach of contract claims against the defendants. The events giving rise to plaintiffs' claims arise out of a proposed residential construction project for real property owned by plaintiffs, and located in New York.

As a result of plaintiffs' failure to comply with a discovery order entered in the action, and specifically plaintiff Tomo Shibata's refusal to appear in New York for deposition as directed by the court, their amended complaint in this action has been dismissed, without prejudice to defendants' right to seek an award of costs and attorney's fees incurred in connection with efforts to secure plaintiffs' deposition. Currently pending before the court are cross-motions of the parties. In their motion, defendants request an award of costs and attorney's fees, pursuant to the court's earlier order, based upon plaintiff Tomo Shibata's failure to appear for deposition. In their cross-motion, plaintiffs seek an order awarding sanctions in their favor and against defendants' counsel, as a complete offset to any award of costs and attorney's fees in defendants' favor. For

the reasons set forth below, I will grant defendants' motion and award a total of $990.00 in their favor and against plaintiffs, and deny plaintiffs' motion for an award of sanctions against defendants' counsel.[1]

I.  BACKGROUND

Plaintiffs commenced this action against defendants, both of whom are based in New York, on November 14, 2016. Dkt. No. 1. At issue in the action is an agreement between the parties concerning work to have been performed by defendants on real property owned by plaintiffs and located in Danby, New York.[2] *See generally* Dkt. No. 40. Although plaintiffs currently reside in California, at the relevant times, at least one of them—Tomo Shibata—lived in Ithaca, New York. *Id.* at 2.

On August 29, 2017, I conducted a telephonic Rule 16 conference in the action. Text Minute Entry dated Aug. 29, 2017. During that conference, I informed plaintiffs that, in all likelihood, their depositions would have to be conducted within this district.

---

[1] Also pending is plaintiffs' letter motion requesting to submit additional evidence to the court before ruling on defendants' request for attorney's fees. Dkt. Nos. 89, 90. In light of the recent order of District Judge Brenda K. Sannes, which dismissed plaintiff's amended complaint, and for the reasons contained in this decision and order, that letter motion is denied.

[2] The subject property was purchased by plaintiffs shortly prior to October 2013. Dkt. No. 40 at 2. According to plaintiffs' complaint, the property was being prepared to house a modular home, described as "a factory built house already purchased separately." *Id.*

3

By letter dated January 23, 2018, defendants' counsel advised the court that a discovery dispute had arisen between the parties involving the location of plaintiff Tomo Shibata's deposition. Dkt. No. 42. Specifically, defendants' counsel recounted that, after attempting to confer with plaintiff Tomo Shibata regarding deposition dates, he sent a formal letter, dated January 17, 2018, scheduling her deposition for February 5, 2018, to be held in the Northern District of New York. *Id.* at 1. In response, plaintiff Tomo Shibata advised defendants' counsel that she would only submit to a telephonic deposition, and that she would not travel to this district. *Id.*

A telephone conference was conducted by the court on January 29, 2018, to address the dispute. Text Minute Entry Dated Jan. 29, 2018. During that conference, plaintiff Tomo Shibata professed her financial inability to return to New York to attend her deposition. *Id.* To permit the court to validate her claim of economic hardship, plaintiff Tomo Shibata was directed to submit reliable information substantiating her claim that she was financially unable to defray the expense associated with being deposed in New York, to include information regarding any assets, such as real estate, held by plaintiffs. Dkt. No. 46. On February 16, 2018, plaintiff Tomo Shibata responded by filing limited financial information. Dkt.

Nos. 47, 48. Defendants filed a reply to plaintiffs' submission on February 23, 2018. Dkt. No. 49.

Based upon the limited financial information supplied by plaintiffs, I issued a decision and order on February 26, 2018, directing that plaintiff Tomo Shibata appear for deposition within the Northern District of New York, at a time and location to be agreed upon between her and defendants' counsel, not later than March 31, 2018. Dkt. No. 50. Plaintiffs were specifically warned that, "[i]n the event Ms. Shibata does not comply with this order, I will recommend that plaintiffs' complaint in this action be dismissed[.]" *Id.* at 10.

Following the issuance of that order, defendants' counsel, Alan J. Pope, Esq., sent an e-mail to plaintiff Tomo Shibata on February 28, 2018, offering seven dates between March 10 and 30, 2018, for her deposition. Dkt. No. 54-1 at 2, 12. That was followed by a second e-mail from defendants' counsel to plaintiff Tomo Shibata, dated March 5, 2018, stating, "I have not had a response to my email of February 28. Please respond today." *Id*. at 2, 14. A third e-mail was sent by defendants' counsel to plaintiff Tomo Shibata on March 11, 2018, advising that only two of the originally-proposed dates remained available to conduct her deposition before the March 31 deadline, and stating, "[i]f you do not

intend on coming to New York for your deposition as ordered, just let me know and I will send you a Stipulation of Discontinuance of the present action." *Id.* at 2, 16. On March 12, 2018, not having heard from plaintiff Tomo Shibata, defendants' counsel sent her a notice, by e-mail and United States Mail, scheduling her deposition for March 30, 2018, at 10:30 a.m. in Binghamton, New York.[3] *Id.* at 1, 5-6. Plaintiff Tomo Shibata failed to appear for that noticed deposition. *Id.* at 2.

Among plaintiffs' efforts to avoid being deposed in the action was the interposition of a motion to stay the case, filed on April 2, 2018—after the deadline for the defendant Tomo Shibata to appear under the court's earlier order. Dkt. No. 52. That motion was denied by the court on April 18, 2018. Dkt. No. 57.

On April 6, 2018, defendants moved, in a motion styled as seeking the entry of summary judgment, for dismissal of plaintiffs' amended complaint. Dkt. No. 54. As a result of that motion, I issued a report on May 9, 2018, recommending that plaintiffs' amended complaint be dismissed for failure to appear for deposition, without prejudice to defendants' right to seek costs and attorney's fees incurred in connection with their efforts to

---

[3]  Plaintiff Tomo Shibata acknowledges that she did not respond to Attorney Pope's e-mails. Dkt. No. 58 at 3.

secure plaintiffs' deposition in this matter. Dkt. No. 61. That report and recommendation was approved by District Judge Brenda K. Sannes on October 9, 2018. Dkt. No. 91.

Defendants have now moved for an award of costs and attorney's fees incurred as a result of plaintiff Tomo Shibata's failure to appear for deposition, by motion filed on May 23, 2018. Dkt. No. 63. Plaintiffs have opposed that motion and countered with an application on August 22, 2018, seeking an award of sanctions against defendants' counsel. Dkt. Nos. 77, 78. Plaintiffs' motion is based upon their contention that through his actions, Attorney Pope effectively led plaintiffs to believe that they were no longer required to appear for deposition pursuant to defendants' notice of deposition and as ordered by the court. *Id.* In essence, plaintiffs' motion seeks a finding that they should not be required to pay any costs and attorney's fees pursuant to defendants' motion. Both of those motions are now fully briefed and before the court.

II. DISCUSSION

A. Defendants' Motion for Costs and Attorney's Fees

In their motion for an award of costs and attorney's fees, defendants seek recovery in the amount of $2,009.00. Dkt. No. 63; *see also* Dkt. No. 87. According to the application, that sum represents the fees incurred in

connection with attempts to require plaintiffs to appear for deposition, as well as the preparation of papers in support of defendants' dismissal motion. *Id.* Included in that sum is a request to recover $150.00, representing an expense incurred in connection with a court reporter who appeared for the failed deposition of plaintiff Tomo Shibata. *Id.* Plaintiffs have opposed defendants' motion, arguing that the hourly rates at which the fee application is calculated are excessive, and that defendants are only entitled to reimbursement of fees incurred in connection with efforts to schedule plaintiffs' deposition, but not for the preparation of their dismissal motion. Dkt. No. 78.

    The recommendation that plaintiffs' amended complaint in this action be dismissed was based both upon Rule 41(b) Federal Rules of Civil Procedure, in light of plaintiffs' failure to prosecute, and Rule 37(b) for plaintiff Tomo Shibata's failure to appear for deposition as ordered by the court. Dkt. No. 61 As I pointed out in my prior report and recommendation dated May 9, 2018, Rule 37(b) contains a fee-shifting provision, as follows:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including Attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).[4] In this case, plaintiffs' failure to appear for deposition as required by the court was not substantially justified, nor are there any circumstances that would make an award of expenses unjust. Both defendants' counsel and the court attempted to convince plaintiff Tomo Shibata to appear for deposition, as required by the court, and warned of the consequences that would befall plaintiffs in the event of her failure to appear as ordered. *See, e.g.*, Dkt. No. 50. Accordingly, I find that an award of costs and attorney's fees is justified.

Plaintiffs argue that the award of expenses should be limited to those services associated with efforts to require plaintiff to appear for deposition. Dkt. No. 78. I agree, particularly since the court has already issued the most drastic sanction available—dismissal of plaintiffs' amended complaint—as a consequence of her failure to appear. While ostensibly the governing rule could be construed to allow for the court to

---

[4] Rule 37(d) of the Federal Rules of Civil Procedure, which governs in the event of a party's failure to attend its own deposition, contains the following similar language:

> Instead of or in addition to [the prescribed] sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

9

award defendants the costs of preparing their motion to dismiss based upon plaintiff Tomo Shibata's failure to appear to deposition, in light of the dismissal of plaintiffs' amended complaint I believe that such an award would be unjust. *See Shasgus v. Janssen, L.P.*, No. 08-CV-180A, 2009 WL 2878542, at *4 (W.D.N.Y. Sept. 2, 2009). I will, however, award defendants attorney's fees to compensate them for the legal fees incurred in connection with efforts to compel plaintiff Tomo Shibata to appear for deposition. *Hendrix v. Sw. Bell Tele., LP*, No. 4:12-CV-685, 2015 WL 1385386, at *5 (E.D. Tex. Mar. 24, 2015); *see also Jennings v. Sallie Mae, Inc.*, 358 Fed. Appx 719, 721-22 (7th Cir. 2009) (finding no abuse of discretion in both dismissing an action based upon plaintiff's refusal to appear for scheduled deposition, pursuant to both rules 37(b) and 41(b), and awarding $500 for unjustifiable disobeying the court's discovery order, pursuant to Rule 37(b)(2)(C)).

From defendants' most recent submission, it appears that 3.1 hours were expended in connection with defendants' efforts to secure the deposition of plaintiff Tomo Shibata, including 2.9 hours of attorney time and .20 hours expended by a paralegal working with Attorney Pope. Dkt. No. 87; *see also* Dkt. No. 63. The rates at which recovery is sought—$300 per hour for Attorney Pope and $110 per hour for paralegal time—are

reasonable and consistent with awards in similar cases from this district. *See, e.g.*, *Cartin-Enario v. Tecson*, No. 1:15-CV-0710, 2017 WL 1409639, (N.D.N.Y. Apr. 19, 2017) (accepting a rate of $300 per hour for an attorney); *Legends Are Forever, Inc. v. Nike, Inc.*, No. 12-CV-1495, 2013 WL 6086461, at *4 (N.D.N.Y. Nov. 18, 2013) (awarding attorney's fees based on an hourly rate of $350 for a partner); see generally *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). Accordingly, I will award defendants' $892.00 in attorney's fees. In addition, I find that defendants are entitled to recover the $150 appearance fee from the court reporter for the failed deposition of plaintiff Tomo Shibata. Accordingly, I will award a total of $1,042.00 in costs and attorney's fees against plaintiffs.

    B.    <u>Plaintiffs' Motion for Sanctions</u>

Also pending before the court is an application by plaintiffs for an award of sanctions against defendants' counsel, Alan Pope, Esq., pursuant to Rule 26(g)(3) of the Federal Rules of Civil Procedure. Dkt. No. 77. That subsection provides as follows:

> *Sanction for Improper Certification*. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party and whose behalf the signer was acting, or both. The sanction may include an order to pay the

> reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3). That sanction provision relates to Rule 26(g)(1), which directs that every discovery device, response, or objection be signed by an attorney of record or, if the party is proceeding *pro se*, the party. Fed. R. Civ. Proc. 26(g)(1). The signature required by that provision must represent a certification that, to the best of the signer's knowledge, information and belief, formed after reasonable inquiry:

> **(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> **(B)** with respect to a discovery request, response, or objection, it is:
>
>> **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>>
>> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>>
>> **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. Proc. 26(g)(1).

In their motion, plaintiffs ask that as a sanction for Attorney Pope's alleged violation of Rule 26(g)(1), the court in essence annul the award of attorney's fees imposed against plaintiffs based upon their failure to appear for deposition as ordered by the court. Dkt. No. 77. Plaintiffs' motion centers upon their contention that although a notice of deposition was served on March 12, 2018, scheduling the deposition of plaintiff Tomo Shibata for March 30, 2018, in accordance with the court's order dated February 26, 2018, requiring her to appear for deposition, she understood a subsequent e-mail communication from Attorney Pope, sent on March 23, 2018, as effectively cancelling that deposition. *Id.* at 2-3.

The history leading up to efforts on the part of both defendants and the court to secure a deposition of plaintiff Tomo Shibata in this action has been extensive, and need not be recounted. It is sufficient to say that on February 26, 2018, the court issued an order directing plaintiff Tomo Shibata to appear for deposition at a time and location to be agreed upon between counsel not later than March 31, 2018. Dkt. No. 50 at 9. After several failed attempts to collaborate with plaintiff Tomo Shibata for the purpose of establishing a mutually convenient date for the court-ordered deposition, and in light of the impending deadline, Attorney Pope served a notice of deposition on March 12, 2018, scheduling the deposition for

March 30, 2018—one day before the deadline set by the court. Dkt. No. 54-1 at 5. To his credit, Attorney Pope continued to reach out to plaintiff Tomo Shibata to determine whether she intended to comply with the court's order and his notice of deposition. Dkt. No. 79; *see also* Dkt. No. 54-1. As part of that effort, Attorney Pope sent one of a series of e-mails to plaintiff Tomo Shibata on March 23, 2018, inquiring whether she intended to appear for the scheduled deposition. Dkt. No. 77-2 at 1. In that e-mail, *inter alia*, Attorney Pope stated the following:

> You have not committed to come to New York for your deposition. If for some reason you have changed your mind and are coming to Binghamton for your deposition, I need to know immediately in order to line up a court reporter.

*Id.* To the extent plaintiff Tomo Shibata contends that by this e-mail Attorney Pope both cancelled the deposition scheduled pursuant to his notice and excused her from complying with the court's order—something which obviously Attorney Pope would not be empowered to do—her interpretation of the e-mail is unreasonable, and fails to support her claim that through his actions in seeking attorney's fees based upon her failure to appear for deposition, Attorney Pope has committed a fraud on the court. Accordingly, plaintiffs' motion for sanctions pursuant to Rule 26(g)(3) is denied.

III. <u>SUMMARY AND ORDER</u>

Based upon plaintiff Tomo Shibata's failure to appear for deposition, as required by the court, I find that defendants are entitled to recover expenses associated with the efforts of their counsel to secure her deposition, including both reasonable attorney's fees, in the amount of $892.00, and additional expenses totaling $150.00. Turning to plaintiffs' cross motion, I find no basis to conclude that Attorney Pope has violated Rule 26(g) of the Federal Rules of Civil Procedure, and therefore conclude that plaintiffs are not entitled to the sanctions sought in their motion. Accordingly, it is hereby

ORDERED, that plaintiff's letter motion (Dkt. No. 89) is denied; and it is further

ORDERED, that defendants' motion for costs and attorney's fees (Dkt. No. 63) is GRANTED, and that defendants recover from plaintiffs, jointly and severally, the amount of $892.00 in attorney's fees, and $150.00 in costs, for a total amount of $1,042.00, and that the clerk enter judgment in defendants' favor and against plaintiffs in that amount; and is further

ORDERED, that plaintiffs' motion for sanctions (Dkt. No. 77) is DENIED; and it is further

ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_David E. Peebles_
U.S. Magistrate Judge

Dated: October 10, 2018
Syracuse, New York